**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  No. 16 CR 290 MV

FAWN VIGIL,

      Defendant.

**ORDER**

      Fawn Vigil filed a motion to modify her conditions of release to allow her to move from the La Pasada Halfway House to her home in Dulce, New Mexico. (Doc. 16.) Subsequently, on March 24, 2016, Ms. Vigil pled guilty to Count 2 in the Grand Judy Indictment, which charged her with violating 18 U.S.C. § 1153(b) and the assimilated New Mexico felony of Child Abuse (No Death or Great Bodily Harm), N.M. STAT. ANN. § 30-6-1 (1978). The United States made an oral motion to detain Ms. Vigil pending sentencing, which was opposed by Ms. Vigil, and at my request both parties filed briefs in support of their positions. (Docs. 25, 26.)

      The parties agree that 18 U.S.C. § 3143 governs release pending sentencing; they dispute whether Ms. Vigil pled guilty to a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4). If she did, the mandatory detention provisions of § 3143(a)(2) apply. If she did not, she must prove by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a).

      A crime of violence is an offense "that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another" or "that is a felony and that, by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(a-b). A court must apply a categorical approach in determining whether a specific crime meets this definition by looking only to the statutory definition of the offense and not how an individual offender might have committed it on a particular occasion. *Begay v. United States*, 553 U.S. 137, 141 (2008).

The uniform jury instruction for the charge of Child Abuse (No Death or Great Bodily Harm) requires the government to prove that Ms. Vigil "showed a reckless disregard for the safety or health of the victim." UJI-Crim. 14-612 N.M.R.A. (West 2015). To show reckless disregard, the government must prove more than negligent or careless conduct; it must show that Ms. Vigil caused or permitted "a substantial and unjustifiable risk of serious harm to the safety" of the victim. *Id*. There are no cases that consider whether the New Mexico crime of Child Abuse (No Death or Great Bodily Harm) is a crime of violence under 18 U.S.C. § 3156.

Analogous authority suggests that it is not. In *Leocal v. Ashcroft*, 543 U.S. 1 (2004), the Supreme Court considered whether a felony conviction for driving under the influence of alcohol and causing serious bodily injury constituted a "crime of violence" under 18 U.S.C. § 16(b), which contains an identical definition of "crime of violence" as § 3156(a)(4). The Court rejected the view that § 16(b) encompassed all negligent misconduct, and held that it "simply covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Id*. at 10. The Court explained that the reckless disregard in 18 U.S.C. § 16(b) related not to the general conduct or the possibility that harm will result from the person's conduct, "but to the risk that the use of physical force against another might be required in committing a crime." *Id*. The Court further held that the ordinary meaning of the term "crime of violence," combined with § 16's emphasis on the use of physical

force against another person, "suggests a category of violent, active crimes that cannot be said naturally to include DUI offenses." *Id*. at 11. The Court did not consider whether proof of reckless use of force against a person would qualify as a crime of violence. *Id*. at 13.

In *United States v. Zuniga-Soto*, 527 F.3d 1110 (10th Cir. 2008), the Tenth Circuit considered whether a conviction for assaulting a public servant under Texas law qualified as a "crime of violence" under United States Sentencing Guideline § 2L1.2, which defined the term to include any felony that has as an element the use, attempted use, or threatened use of physical force against the person of another. The court first reviewed the Texas statute and concluded that the defendant could have been convicted of assault by recklessly causing bodily injury. *Id*. at 1121-22. The court then reviewed *Leocal* and decisions from other circuit courts of appeal that had held that crimes requiring only recklessness are not crimes of violence under 18 U.S.C. § 16 or U.S.S.G. § 2L1.2. The court concluded that "recklessness falls into the category of accidental conduct that the *Leocal* Court described as failing to satisfy the use of physical force requirement under either of § 16's definitions of 'crime of violence.'" *Id*. at 1124.

I find that Ms. Vigil has not pled guilty to a crime of violence under 18 U.S.C. § 3156. Given this ruling, I need not address other issues raised by the parties: whether exceptional circumstances are present to justify release or whether § 3156's definition of crime of violence is unconstitutionally vague. I further find that Ms. Vigil is not a flight risk as she has resided in New Mexico her entire life. I believe that conditions of release can be fashioned that will ensure that Ms. Vigil is not a danger to the safety of any other person or the community while she is on release pending sentencing. Those conditions will be set out in a separate order.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.